### BAUER BROS. CO. v. BOGALUSA PAPER CO.

No. 20750.

District Court, E. D. Louisiana.

Sept. 22, 1936.

Paul A. Staley, of Springfield, Ohio, and Marston Allen, of Cincinnati, Ohio, for plaintiff.

Monroe & Lemann, of New Orleans, La., and Greer Marechal and J. B. Hayward, both of Dayton, Ohio, for defendant.

BORAH, District Judge.

The plaintiff, assignee of two patents, Nos. 1,711,706 and 1,713,593, granted to Weiss, and Brennan and Hussey on May 7, 1929 and May 21, 1929, respectively, has sued to restrain an infringement and for other relief. The Weiss patent, No. 1,711,-706, relates to a process of producing pulp from any kind of fibrous material. The Brennan and Hussey patent, No. 1,713,593, is for a feeding device for feeding any kind of material. The defendant is the owner and operator of a paper-making plant at Bogalusa, La., and is alleged to infringe both patents. The plant was installed by the Sprout, Waldron & Co. of Muncy, Pa., and that company is conducting the defense of the present suit.

The claims relied on in Brennan and Hussey patent are Nos. 2 and 3; claim No. 1 having been withdrawn at the trial.

The feeding device on which letters patent issued to Brennan and Hussey comprises merely a casing into which the material is introduced through an opening, and some fluid, such as water or steam, is discharged from a pipe into the receptacle to mix with the material and carry it along. The novel feature which Brennan and Hussey claimed to have invented was the confining of this fluid pipe, or nozzle, "in the wall of said casing so as to be removed from the path of the material passing through the casing."

All of the claims in Weiss patent are relied on. Claim No. 1 relates to the method of producing pulp from fibrous material; claim No. 2 says from chips or small pieces of fibrous material; claim No.

3 says from wood; claim No. 4 says from fibrous wood; and claim No. 5 does not mention fibrous material, but treats with the method of reducing course material to pulp.

The Weiss patent thus attempts to monopolize a process of producing pulp from any kind of fibrous material. The process as claimed consists of two important steps. For example, claim No. 1 provides: "The method of producing pulp from fibrous material which consists in first impregnating the material with water by saturation, second, in subjecting the material in the presence of water to the rolling and crushing action of two oppositely and concentrically revolving disks under pressure to separate the fibres." The other claims of the patent describe the alleged results of the machine operation by phrases such as "to secure hydration," "to produce hydration," or "will be hydrated." These phrases, "rolling and crushing action" and "hydration," thus form essential parts of the claims, and the claims in turn must define the novelty and the extent of the monopoly. On the issues as framed the court must pass upon the validity of these claims and whether this defendant is infringing by utilizing a process wherein this hydration result is secured and wherein such a rolling and crushing action takes place. Unless furnished a clear and definite explanation of these phrases, it follows that the court will not know what it is called upon to construe and will be unable to determine whether these claims in suit are novel and valid over the structures shown in the prior art.

The question therefore arises as to whether or not the patentee and the plaintiff have given such a definite explanation as will furnish a clear and distinct understanding of what apparatus will, and what apparatus will not produce the results which are described by these phrases used in the claims. The defendant has not only pleaded in its answer this defense of uncertainty and ambiguity of language, and noncompliance with the patent statutes, but this very point was stressed by counsel in the opening statement, and it is around this issue that considerable of the argument is centered.

Apart from this defense the defenses raised to the alleged infringements are the usual ones, i. e., noninfringement and invalidity of the patents because of the prior art. It is axiomatic that the burden of proving infringement rests upon the plaintiff in a case of this kind. I reach the conclusion, upon considering all the credible testimony and all of the exhibits offered in the case, that the plaintiff has failed to meet this burden with respect to both of the patents. In compliance with Equity Rule 70½ (28 U.S.C.A. following section 723), I make the following findings of fact and conclusions of law:

## Findings of Fact.

### (A) Weiss Patent in Suit.

1. Weiss was not the first in the art to disclose the use of attrition mills, having oppositely rotating metal disks, for grinding materials of a wide variety of different kinds; nor was he the first to disclose the use of such mills for the grinding of saturated material to make pulp for paper by the process of disintegration by separating and tearing the fibers apart without cutting them; nor was he the first to use such machines for thus grinding wood to make paper pulp.

2. The alleged step in the Weiss process which recites the saturation of the fibrous material as a preliminary is a mere well-known expedient utilized in such attrition mills long prior to Weiss' date.

3. Weiss' own testimony shows that the choice of double-disk machines over single-disk machines, also the increase of speed of these disks, is a mere matter of degree, the action being of the same character but merely showing better results by the change from one form to another, or by the increase of speed.

4. The phrases "rolling and crushing action" and "hydration" are essential elements in the claims in suit, and in the manner used, they are not defined sufficiently to enable the court to determine what devices do, and what do not, come within these terms of the claims.

5. According to the testimony of plaintiff's witness Mr. Bauer, "any sort of rubbing or pounding or crushing of wood fibers gives you hydration." Therefore hydration would be present in all of the prior art patents set up by defendant.

6. The Grafflin patent has at least as good a description of "rolling and crushing action" as Weiss, and particularly refers to the action of his grinding disks as operating to "prevent the cutting of the fibers, thus preserving the fiber lengths"; and Grafflin produces "hydration" according to the definition given by plaintiff's own

witness Mr. Bauer, therefore the Grafflin patent is a disclosure of all that Weiss purports to constitute his invention.

7. Weiss has failed to carry his date of invention back of December 17, 1923, which is the filing date of the Grafflin patent 1,603,534.

8. The Weiss invention was "on sale" in July or August, 1922, more than two years prior to the filing date of the Weiss application, November 3, 1924.

(B) The Brennan Patent in Suit.

9. Brennan was not the first in the art to disclose, in a feeding machine, the feature of locating the water nozzle in the wall of the casing so that the nozzle will be out of the path of the material; nor was he the first in the art to disclose the feature of arranging the feeding device to closely hug at least one wall of the casing at one point in the rotation.

### Conclusions of Law.

#### (A) Weiss Patent in Suit.

1. All of the claims in suit are invalid because they do not comply with section 4888 of the Revised Statutes (35 U.S.C.A. § 33); the phrases "rolling and crushing action" and "hydration" are not defined with the distinctness required by law; and lacking such definiteness, the court is unable to determine what devices do, and what do not, come within these terms in the claims; therefore the claims are invalid.

2. All of the claims in suit are invalid as not amounting to invention over the patents cited in the prior art.

3. All of the claims in suit are invalid because Weiss failed to carry his invention date back of the filing date of the Grafflin patent 1,603,534, which filing date (December 17, 1923) is the effective date of the Grafflin invention disclosing all of the features set forth in the Weiss claims.

4. All of the claims in suit are invalid because in the File History of the Weiss patent it appears that Weiss, in order to secure these claims, differentiated from the Fritz patents cited against him on the hydration feature, on the ground that his invention antedated the Fritz patents; and now it appears that a still prior Fritz patent, which shows hydration and was not cited by the Patent Office, has an effective date of invention of its filing date, viz., July 12, 1922, and Weiss has failed to carry his own date of invention back of this Fritz date.

5. The claims in suit are all invalid because they constitute merely a "double use," and not patentable, over the Sprout Waldron mills, which were attrition mills with oppositely rotating disks, used for many years prior to Weiss, for grinding all sorts of materials; and it was the ordinary custom and expedient in their industry to adapt the design of grinding plates to fit the material to be ground. To use such machines merely upon different material would be "double" or "analogous" use and not patentable.

This is but the exercise of the ordinary skill in the art, and "is but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice; and is in no sense the creative work of that inventive faculty which it is the purpose of the constitution and the patent laws to encourage and reward." Hollister v. Benedict, 113 U.S. 59, 5 S.Ct. 717, 724, 28 L. Ed. 901.

6. Weiss cannot, by expressing his claims as process claims, seek to monopolize one special use of the prior attrition mills as applied to some particular kind of wood stock. The inventor of each of the earlier machines is "entitled to the benefit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not." Roberts v. Ryer, 91 U.S. 150, at page 157, 23 L.Ed. 267.

7. If plaintiff insists that the Weiss claims are limited to the use of these machines on a particular material, such as certain kinds of wood, then the claims would be invalid as being for the function of the machine.

8. The Weiss patent is invalid because the sale of the seven machines in "July or August 1922" was more than two years prior to the filing date of the Weiss application and this constitutes a statutory bar to the Weiss patent.

9. Plaintiff has not proved that defendant infringes any of the claims of the Weiss patent in suit.

#### (B) Brennan Patent in Suit.

1. Claims 2 and 3 of the Brennan patent in suit are both invalid in view of the prior art.

446

.2. Defendant does not infringe either of claims 2 and 3 of the Brennan patent even if they were valid.

To the conclusions of law which the court has stated and to the findings of fact, and to each of them, the plaintiff is allowed an exception.

The bill of. complaint is to be dismissed, with costs, and a decree may be entered accordingly.